IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRUCE ERIC HALL, AIS #120305, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:14CV196-WHA |
| | ) | |
| PHYLLIS BILLUPS, *et al.*, | ) | (WO) |
| | ) | |
| Defendants. | ) | |

# **ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (#55) and the Plaintiff's Objection thereto (Doc. #58).

This is a 42 U.S.C. §1983 action in which the Plaintiff, Bruce Eric Hall, a state inmate, claims that he was the victim of excessive force at the hands of Warden Phyllis Billups and other Defendants. No jury trial was demanded and the case was referred to the Magistrate Judge for an evidentiary hearing and a recommendation. The evidentiary hearing was held on February 23, 2017 and a Recommendation was entered on February 28, 2017. The facts are set out in the Recommendation.

In accordance with the law of this circuit, the court has conducted a *de novo* review of the Magistrate Judge's Recommendation, including reading the transcript of the evidentiary hearing; considering all exhibits before the court; and fully considering the objections of the Defendant. *See Jeffrey S. by Ernest S. v. State Bd. Of Educ. of State of Georgia*, 896 F.2d 507, 513 (11th Cir. 1990).

A district court judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). "Credibility

findings of a magistrate judge, 'who personally observed and listened to the testimony of live witnesses, may be accepted unless the district judge, in his de novo review, finds reason to question the magistrate's assessment of the evidence.'" *U.S. v. Jennings*, 491 F. Supp. 2d 1072, 1075 (M.D. Ala. 2007) (quoting *Blizzard v. Quillen*, 579 F.Supp. 1446, 1449 (D. Del.1984)). *De novo* review does not require a new hearing of witness testimony, but it does require independent consideration of factual issues based on the record. *Jeffrey S.*, 896 F.2d at 513. If the magistrate judge makes findings based on the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings. *Id.*

After reviewing the record and reading the transcript of the evidentiary hearing, the court makes an independent factual determination and finds no reason to question the Magistrate Judge's credibility assessments.

The Magistrate Judge recommended that judgment be entered in favor of the Defendants. The Plaintiff has objected on several grounds, which the court will address in order.

Objection 1

The Plaintiff contends that he was not furnished with a copy of Document #46, entered on January 25, 2017, which set the date for the evidentiary hearing and set February 10, 2017 as the deadline for all parties to file a witness list. At a pretrial hearing held by telephone on February 13, 2017, witnesses were discussed and the Plaintiff advised the Magistrate Judge that he had not received a copy of Document #46 and did not know that the deadline for him to list witnesses was February 10, 2017. (The court notes that the court file shows a copy of Doc. #46 being mailed to the Plaintiff on the day it was issued, January 25, 2017.) Even though the Plaintiff had missed the deadline, the Magistrate Judge allowed him to name his witnesses at that time. He named two state inmates, Joseph Bozeman and Anthony David Zeller, and the

Magistrate Judge ordered the State Department of Corrections to produce them at the evidentiary hearing. On February15, the Plaintiff filed a request to allow him to add four more witnesses (Doc. #51), which the Magistrate Judge denied as untimely, since they had not been named at the pretrial conference.

At the beginning of the evidentiary hearing when the Plaintiff was asked if he was ready to proceed, he raised that issue, saying that he was taken by surprise at the pretrial hearing as to being required to name witnesses, because he had never received the order stating that. He only named two because it was on the spur of the moment and he should have been allowed to add the four witnesses later named. The Magistrate Judge stated that they would proceed with the hearing and at the conclusion the Plaintiff would have an opportunity to tell him who the witnesses were and what they would say. The Plaintiff was given that opportunity after the Defendants rested, when the Magistrate Judge asked him if he had any rebuttal evidence. The Plaintiff mentioned evidence of the body chart and then stated that that was all. No mention was made of the late-named witnesses. Furthermore, although Plaintiff makes an issue of this, in his Objection he does not name the witnesses and the testimony they would have given. Therefore, the Plaintiff has shown no prejudice to his case, even assuming that, in fact, he did not receive Document #46, and this objection is without merit.

<u>Objection 2</u>

Plaintiff claims prejudice from the Magistrate Judge's failure to allow him to have an affidavit of his witness, inmate Zeller, admitted into evidence, when the witness testified differently from the affidavit. The Magistrate Judge allowed the witness to be questioned about the contents of the affidavit and the differences, and there was no error or prejudice in not having the document itself in evidence.

Objections 3 and 4

In Objection 3, the Plaintiff contends that the Magistrate Judge "deliberately extracted false testimony from Warden Billups" by asking her questions that her attorney did not ask—specifically "Why did you hit him?" and she responded, "I felt threaten (sic)." Actually, it was the Plaintiff who asked Warden Billups, after she testified as to the Plaintiff coming towards her quickly after being told to hold up and she struck him with the back hand to the left side of his neck, "And you felt threatened by that, Ms. Billups?"  When the Magistrate Judge asked the witness "Why did you strike him?" she gave a further explanation.

In Objection 4, the Plaintiff contends that the Magistrate Judge knew and allowed Billups to commit perjury and refused to allow him to impeach her by stopping him "so many times with objections . . . until he became fearful." The objections were by counsel for Warden Billups and a review of the transcript shows clearly that this objection is without merit.

Objection 5

Plaintiff contends "that the evidence doesn't establish that I was angry because no one at the evidentiary hearing testified that I was angry. . . ." The testimony supports an interpretation that the Plaintiff was angry, even if no witness used that word.

Objection 6

Plaintiff's final objection "is how do your Magistrate casually downplay that body chart." The court finds no merit as to this objection to the Magistrate Judge's interpretation of this evidence.

In his Conclusion, the Plaintiff refers to a "seventh and final objection," but this is merely a repeat of his argument that he was not allowed to call witnesses, discussed above in regard to Objection 1.

After an independent evaluation and *de novo* review of the file in this case the court finds all of the Plaintiff's Objections to be without merit and agrees with the Magistrate Judge's Recommendation.  Therefore, it is hereby ORDERED as follows:

1. The Objections are OVERRULED.
2. The court adopts the Recommendation of the Magistrate Judge.
3. The court finds in favor of the Defendants and against the Plaintiff and this case is DISMISSED with prejudice.
4. Final Judgment will be entered accordingly.

Done this 29th day of March, 2017.

/s/ W. Harold Albritton

W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE